NOTICE
Decision filed 01/18/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220076

NOS. 5-22-0076, 5-22-0077 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | Nos. 20-CF-3068, 20-CF-3079 |
| | ) | |
| BRANDON ARRIAGA, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court, with opinion.
Justices Moore and McHaney concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant appeals from the trial court's denial of his motion to withdraw guilty plea. Because defendant's *pro se* motion to withdraw guilty plea was filed more than 30 days after the court entered judgment on his conviction and defendant did not avail himself of the mailbox rule pursuant to Illinois Supreme Court Rule 373 (eff. July 1, 2017), we vacate the trial court's order denying defendant's motion and order the court to dismiss defendant's motion for lack of jurisdiction.

¶ 2                                    I. BACKGROUND

¶ 3    This appeal concerns matters related to the notice of a motion to withdraw guilty plea. We therefore limit our discussion of facts to those relevant to this appeal.

1

¶ 4     On June 28, 2021, the court was advised of a plea agreement that involved five cases pending against defendant. Pursuant to the agreement, defendant would plead guilty to possession of a stolen motor vehicle in case No. 20-CF-3068 and armed robbery in case No. 20-CF-3079. In return, the State agreed to sentences of 7 years' and 15 years' imprisonment, respectively, to run concurrently. The State also agreed to dismiss the remaining charges in those cases, as well as in case Nos. 20-CF-1903, 20-CF-3044, and 20-CF-3083, along with various traffic violations and misdemeanors. The court accepted the plea and sentenced defendant as per the agreement. The court then admonished defendant that if he wished to appeal, he or his attorney "would first have to file a written motion within 30 days of today's date asking to withdraw your plea. Put into writing all the reasons you want to withdraw your plea. If you don't put a reason into writing it can be waived."

¶ 5     Thereafter, defendant sent a letter to the court, alleging that his statements in a video-taped interview with the police should have been suppressed. Defendant claims that—at that time—he was "high on several drugs," suffering from sleep deprivation, hallucinating, and coached into "saying something, I would have never said if I was not under the influence of drugs and forced to talk to police detectives." The letter was filed-stamped on July 12, 2021, but stated it was signed on July 3, 2021.

¶ 6     Defendant sent a second letter, dated July 14, 2021, addressing his mental health. This letter was file-stamped on August 11, 2021. A third letter, also dated July 14, 2021, is not file-stamped but was in the record immediately after the second letter that was file-stamped on August 11, 2021. The third letter requested to withdraw his guilty plea.

¶ 7     A fourth letter, dated July 25, 2021, was file-stamped on October 1, 2021. It again requested the court withdraw defendant's guilty plea.

¶ 8     At the October 28, 2021, hearing, the court stated that it set the matter in response to a number of letters written by defendant, "with the last letter having been filed on October 1st, wherein [defendant] indicates he wants to withdraw his plea." Due to the allegations of ineffective assistance of plea counsel in defendant's *pro se* motion to withdraw guilty plea, the court appointed new counsel. Thereafter, postplea counsel filed an amended petition and an Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate.

¶ 9     After a hearing on February 10, 2022, the court denied the motion to withdraw. At the request of defendant, the court directed the clerk of the court to file an immediate appeal.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, defendant argues that postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). In response, the State argues that postplea counsel complied with Rule 604(d) and that the trial court lacked jurisdiction to rule on defendant's motion to withdraw guilty plea because defendant's letter requesting withdrawal of his guilty plea was filed more than 30 days after the court entered judgment on the negotiated guilty plea. Defendant concedes this issue in his reply brief. However, given that his letters indicated defendant wrote them within the 30 days after judgment was entered, defendant requests this court remand his case back to the trial court to determine the issue of timeliness.

¶ 12     Although the State failed to raise the jurisdictional issue below, "[s]ubject matter jurisdiction cannot be waived, stipulated to, or consented to by the parties." *Bradley v. City of Marion, Illinois*, 2015 IL App (5th) 140267, ¶ 13. Because decisions issued without subject matter jurisdiction are void, we have an independent duty to ensure that the trial court and this court have jurisdiction over a case. *Id.* We review subject matter jurisdiction issues *de novo*. *In re Marriage of Britton*, 2022 IL App (5th) 210065, ¶ 39.

3

¶ 13    For criminal proceedings, "subject matter jurisdiction means the power to hear and determine a given case." (Internal quotation marks omitted.) *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011). Once a case has been determined, the court's jurisdiction to reconsider and modify the judgment is limited. *Id.*

¶ 14    Generally, a trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment, unless a party files a timely posttrial motion. *Id.*; *People v. Moore*, 2015 IL App (5th) 130125, ¶ 19. However, incarcerated, self-represented litigants may use the mailbox rule exception, pursuant to Illinois Supreme Court Rule 373 (eff. July 1, 2017). Under such rule, the date of filing can be the date the *pro se* prisoner mailed the document. Ill. S. Ct. R. 373 (eff. July 1, 2017).

¶ 15    To rely on the mailbox rule (*id.*), defendant must prove the mailing pursuant to Illinois Supreme Court Rule 12, which requires "certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). Section 1-109 of the Code of Civil Procedure provides that when a document is required to be sworn to or verified under oath, a certification under penalty of perjury as provided in section 1-109 is an appropriate substitute. See 735 ILCS 5/1-109 (West 2020); *People v. Tlatenchi*, 391 Ill. App. 3d 705, 715 (2009).

¶ 16    Here, it is undisputed defendant failed to attach a section 1-109 certification to his letters—dated July 14, 2021, and July 25, 2021—that requested withdrawal of his guilty plea. Nevertheless, defendant requests this court remand the case so he may file a proper section 1-109 certification and the trial court can determine whether he timely filed his *pro se* motion to withdraw guilty plea under the mailbox rule in Rule 373. The State acknowledges that *People v. Cooper*, 2021 IL App

4

(1st) 190022, supports defendant's position. However, it argues that because the trial court never had jurisdiction to entertain defendant's motion to withdraw guilty plea, this court should vacate the trial court's judgment and dismiss defendant's motion. We agree.

¶ 17     After finding that a defendant failed to file a certification—pursuant to Rule 12(b)(6) and section 1-109—the *Cooper* court retained jurisdiction over the appeal and remanded so that defendant could supply a certification complying with Rule 12(b)(6) and section 1-109 if defendant was able to truthfully do so. *Id.* ¶¶ 18-24. The First District determined that once the trial court determined that "the document had been file-stamped by the clerk's office just one day after it was due, the appropriate next step was to determine if [defendant] could supplement his motion with the certification required by Rule 12(b)(6) and section 1-109 of the Code." *Id.* ¶ 20. It reasoned that the trial court had ample opportunity to allow defendant to supplement the record where it briefly inquired into the timeliness of the motion to withdraw and "nothing in Rule 12(b)(6) *** prohibits a litigant from supplementing his filing with a certification proving the date and manner of mailing." *Id.* ¶¶ 19, 21.

¶ 18     We initially note that the case before us is distinguishable, as defendant's first *pro se* motion—dated July 14, 2021—was filed 14 days after the expiration of the 30-day postjudgment period. The second letter—dated July 25, 2021—was filed 65 days after the expiration. Thus, unlike *Cooper*, the record does not necessarily suggest that defendant mailed the *pro se* motion within the 30-day postjudgment period. See *id.* ¶ 19. Nevertheless, we believe *Cooper* went beyond its authority and find remand from this court would be inappropriate.

¶ 19     While nothing in Rules 373 and 12(b)(6) prohibits a litigant from supplementing the record with a section 1-109 certification on remand, there is also nothing in the rules that afford a litigant a *post-hoc* attempt at compliance. We will not depart from the plain language of the rules and read

5

in "exceptions, limitations or conditions" not expressed. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 21.

¶ 20 In *People v. Bailey*, 2014 IL 115459, ¶ 29, the Illinois Supreme Court explained that a trial court's lack of jurisdiction is not a complete bar to appellate jurisdiction, but in such instances, "the appellate court is limited to considering the issue of jurisdiction below." If the appellate court concludes the trial court lacked jurisdiction, the appropriate outcome is to vacate the trial court's judgment and order that defendant's motion be dismissed. *Id.* Indeed, the vast majority of cases finding a defendant failed to comply with Illinois Supreme Court Rule 12(b) (eff. July 1, 2017) did not afford the defendant the opportunity to supplement the record on remand. *People v. Liner*, 2015 IL App (3d) 140167, ¶¶ 22-26 (refused to remand so defendant could comply with notice requirements under Rule 12(b)); *People v. Shunick*, 2022 IL App (4th) 220019, ¶ 24 (same); *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217 (2009) (Rule 373 inapplicable to confer jurisdiction because although the party filed a letter concerning notice, the letter lacked any certified or notarized statements concerning the timing of the mailing as required by Rule 12(b)); *People v. Lugo*, 391 Ill. App. 3d 995, 1002-04 (2009) (failure to file Rule 12(b) certificate prohibited reliance on Rule 373 to confer jurisdiction); *Tlatenchi*, 391 Ill. App. 3d at 719-20 (same); *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 22, *appeal denied*, 175 N.E.3d 83 (Ill. 2021) (same). As such, remanding for compliance would be contrary to *Bailey*'s directive.

¶ 21 This is not a case of minor defects in the proof of service, which would normally be excused. *People v. Scott*, 2019 IL App (2d) 160439, ¶ 21. " ' "[P]roof of proper service by mail must be made in substantial compliance with the requirements of Supreme Court Rule 12 [citation]." ' " *Id.* (quoting *Liner*, 2015 IL App (3d) 140167, ¶ 17, quoting *Ingrassia v. Ingrassia*,

156 Ill. App. 3d 483, 502 (1987)). Defendant's failure to file anything resembling proper service pursuant to Rules 373 and 12(b)(6) is therefore fatal.

¶ 22  Proceeding *pro se* does not excuse defendant's failure to comply with the rules, as it is presumed that he had "full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). His status as a *pro se* litigant does not entitle him to a more lenient standard; he was required to comply with the rules of procedure. *People v. Adams*, 318 Ill. App. 3d 539, 542 (2001).

¶ 23  Although this court "may exercise significant powers on review of a criminal case [citation], it does not possess the same inherent supervisory authority conferred on" the Illinois Supreme Court. *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). So, while we are not insensitive to the outcome required by defendant's failure to file the proper section 1-109 certification, we are without "authority to excuse the filing requirements of the supreme court rules." *Secura Insurance Co.*, 232 Ill. 2d at 217-18.

¶ 24  Because defendant failed to file a proper section 1-109 certification, we must use the file-stamped date of defendant's *pro se* motion to calculate whether he filed the motion within 30 days of judgment. Defendant's *pro se* motion was file-stamped on August 11, 2021, 44 days after the court entered judgment on defendant's convictions. Accordingly, the trial court was without jurisdiction to address defendant's *pro se* motion to withdraw guilty plea, and we must vacate the trial court's judgment and order the court to dismiss defendant's motion for lack of jurisdiction.

¶ 25                                III. CONCLUSION

¶ 26  Because defendant's *pro se* motion to withdraw his guilty plea was filed more than 30 days after the court entered judgment on his conviction, the trial court was without jurisdiction to

7

consider the motion. We therefore vacate the trial court's judgment and order defendant's motion to be dismissed for lack of jurisdiction.

¶ 27     Vacated and remanded with directions.

*People v. Arriaga*, 2023 IL App (5th) 220076

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Madison County, Nos. 20-CF-3068, 20-CF-3079; the Hon. Kyle A. Napp, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Ellen J. Curry, and Sara McClusky, of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
| **Attorneys for Appellee:** | Thomas A. Haine, State's Attorney, of Edwardsville (Patrick Delfino, Patrick D. Daly, and Becky A. Ray, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |