2025 IL App (1st) 242059-U

No. 1-24-2059

Order filed June 20, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 3460 |
| | ) | |
| JOHN GOYNN, ROSA REYES SANCHEZ, CHICAGO | ) | |
| PUBLIC LIBRARY, THE HUMAN RIGHTS | ) | |
| COMMISSION, and THE DEPARTMENT OF HUMAN | ) | |
| RIGHTS, | ) | Honorable |
| | ) | Kathy M. Flanagan and |
| | ) | Ronald F. Bartkowicz, |
| Defendants-Appellees. | ) | Judges, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where plaintiff's postjudgment motion was untimely, we vacate the trial court's order denying the postjudgment motion and dismiss the postjudgment motion.

¶ 2    Jerico Matias Cruz appeals *pro se* from an order denying his *pro se* postjudgment motion to vacate dismissal of his complaint with prejudice. He filed his postjudgment motion to vacate eight days after the 30-day deadline to toll the time for appeal. As a result, both the postjudgment

motion and the subsequent notice of appeal do not establish appellate jurisdiction. Therefore, under the Supreme Court Rules, we are unable to review the merits of the case.

¶ 3    We vacate the order denying Cruz's postjudgment motion to vacate, and we dismiss the postjudgment motion.

¶ 4                                              Background

¶ 5    No reports of proceedings are included in the record. The background relies solely on the common law record.

¶ 6    On April 10, 2023, Cruz filed a *pro se* complaint for libel and slander against John Goynn, Rosa Reyes Sanchez, the Chicago Public Library, the State of Illinois Human Rights Commission (IHRC), and the State of Illinois Department of Human Rights (IDHR). Cruz alleged that, on June 28, 2021, he filed complaint against the Chicago Public Library and two of its employees, Goynn and Sanchez for violating the public accommodation laws. According to Cruz, the Chicago Public Library, Goynn, and Sanchez "deliever[ed] slanderous and libelous statements" against him during the investigation of the public accommodation complaint, which IDHR dismissed, and the dismissal sustained by IHRC. Cruz alleged that, in the course of rejecting his public accommodation complaint, IDHR and IHRC "propegat[ed] libelous and slanderous information" against him. Also, on April 10, 2023, Cruz applied for a waiver of court fees.

¶ 7    Cruz attached 158 pages of exhibits to his complaint, including a copy of his spring 2021 class schedule at City Colleges of Chicago (CCC), emails from the U.S. Department of Veterans Affairs regarding enrollment certification, a ledger of his account activity at CCC in spring 2021, and 140 pages of emails he exchanged with various people at CCC, regarding, among other things, registering for classes, receiving financial aid, and accessing classes via Zoom. He also attached a

copy of the IHRC order of December 27, 2022, sustaining IDHR's dismissal of Cruz's 2021 charge of discrimination for lack of substantial evidence. Cruz labeled the IHRC order as containing "Libelous and Slanderous Information."

¶ 8 On April 19, 2023, the trial court dismissed Cruz's complaint with prejudice to the extent it "requests relief against parties who cannot be sued in Illinois state courts, including, but not limited to *** Illinois state government agencies, departments, and/or officials." The trial court indicated that its order was final and appealable.

¶ 9 On June 26, 2023, Cruz filed a *pro se* postjudgment motion to vacate the trial court's April 19, 2023 order. In the motion, he argued that the trial court failed to adjudicate his application for waiver of court fees and that the Chicago Public Library, IDHR, and IHRC are suitable government entities. He also argued that he was allowed to file a new complaint within a year after the dismissal of the original complaint. In September 2024, Cruz filed a *pro se* "amended" postjudgment motion to vacate the April 19, 2023 order, raising the same claims and another application for waiver of court fees.

¶ 10 The trial court granted Cruz's application for waiver of court fees and ordered that "[a]ll further proceedings shall be before the assigned motion judge on the assigned motion calendar J."

¶ 11 Cruz filed a *pro se* "second amended" postjudgment motion on September 23, 2024, again raising the same claims. The trial court held a Zoom hearing at which it denied the "second amended" postjudgment motion. That same day, Cruz filed a *pro se* notice of appeal, listing the dates of the judgments appealed as April 19, 2023, and October 17, 2024.

¶ 12 Analysis

¶ 13    Cruz contends that the trial court erred (i) "for failure to adjudicate an application for waiver of court fees," (ii) in dismissing his complaint with prejudice, and (iii) in denying his second amended postjudgment motion to vacate. Although no defendant has filed a response brief, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on Cruz's brief and the record alone.

¶ 14    This court has an independent duty to assess its jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 217 (2009). Our jurisdiction requires a timely notice of appeal. *In re Marriage of Larsen*, 2023 IL App (1st) 230212, ¶ 98. Illinois Supreme Court Rule 301 provides that a final judgment in a civil case is appealable as of right and commences with the filing of a notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "No other step is jurisdictional." *Id.*

¶ 15    Illinois Supreme Court Rule 303 requires the filing of the notice of appeal with the clerk of the circuit court within 30 days of entry of a final judgment or, if a timely postjudgment motion directed against the judgment is filed, within 30 days after entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Section 2-1203(a) of the Code of Civil Procedure requires that a postjudgment motion in a non-jury case be filed within 30 days of the judgment. 735 ILCS 5/2-1203(a) (West 2022).

¶ 16    If the motion is timely filed, it tolls the time for the notice of appeal. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 261 (2005). If, however, a party "files a postjudgment

motion more than 30 days after the entry of final judgment, the motion will not toll the time for filing a notice of appeal." *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 20.

¶ 17 Timeliness is mandatory, as neither the circuit court nor the appellate court has the authority to excuse compliance with the filing requirements of Rule 303. See *Secura*, 232 Ill. 2d at 217-18. We have no jurisdiction over untimely filed appeals. See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶¶ 14, 26.

¶ 18 On April 19, 2023, the trial court dismissed Cruz's complaint with prejudice. A dismissal with prejudice is a final, appealable judgment. *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17. Consequently, Cruz's deadline for filing a notice of appeal or a postjudgment motion was May 19, 2023, which is 30 days after the dismissal.

¶ 19 No notice of appeal or postjudgment motion was submitted to the trial court by that deadline. Instead, the circuit court clerk file stamped Cruz's *pro se* postjudgment motion to vacate on June 26, 2023, eight days late. As noted, an untimely postjudgment motion does not extend the 30-day deadline to file a notice of appeal. *Goral*, 2014 IL App (1st) 133236, ¶ 20. Thus, Cruz's postjudgment motion to vacate and subsequent notice of appeal from the denial of that motion were untimely. See *People v. Shunick*, 2024 IL 129244, ¶ 25.

¶ 20 Nonetheless, this court is not entirely without jurisdiction, as we have authority " 'to review, recognize, and correct any action that exceeded the trial court's jurisdiction.' " *Id.* ¶ 73 (quoting *People v. Bailey*, 2014 IL 115459, ¶ 29). Although the trial court had lost jurisdiction to entertain Cruz's untimely postjudgment motion to vacate, it chose to deny the motion rather than dismiss it. Because the trial court lacked jurisdiction, its ruling on the merits of the postjudgment motion was void. *Bailey*, 2014 IL 115459, ¶ 28. For this reason, we must vacate the trial court's

order and dismiss Cruz's postjudgment motion. *Shunick*, 2024 IL 129244, ¶ 73; *Bailey*, 2014 IL 115459, ¶¶ 28, 29.

¶ 21    We are mindful that Cruz's *pro se* notice of appeal filed on October 17, 2024, was submitted within 30 days of the order that "denied" the postjudgment motion to vacate. But, as discussed, the trial court's October 17 order was void, so the notice of appeal cannot vest us with jurisdiction to consider the merits. See, *e.g.*, *People v. Flowers*, 208 Ill. 2d 291, 306-07 (2003) (ruling made by circuit court after its jurisdiction lapses is void and "does not cloak the appellate court with jurisdiction to consider the merits of an appeal"). We are limited to vacating the trial court's void order and dismissing the untimely postjudgment motion to vacate. *Shunick*, 2024 IL 129244, ¶¶ 73-74, 80.

¶ 22    Order vacated; motion dismissed.