**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240479-U

Order filed November 8, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0479 Circuit No. 19-CF-412 |
| DAVID T. JACKSON, | ) ) ) | Honorable Kathy S. Bradshaw Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice McDade and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant waived issues raised by failing to include them in his motion for relief or provide sufficient detail in the memorandum filed in support of his appeal.

¶ 2    Defendant, David T. Jackson, appeals the Kankakee County circuit court's order denying him pretrial release, arguing (1) the State's petition to deny him pretrial release was untimely, (2) the court failed to hold a timely hearing on the State's petition, and (3) the court erred in

finding that he was a real and present safety threat and there were no conditions to mitigate his dangerousness. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        On June 28, 2019, the State charged defendant by indictment with criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2018)), three counts of unauthorized video recording (*id.* § 26-4(a-15)), and seven counts of child pornography (*id.* § 11-20.1(a)(1)(vii), (6); 720 ILCS 5/11-20.1(a)(1)(vii) (West 2014)). His bond was set at $2 million, but he remained in custody. On June 17, 2024, defendant filed a motion to strike his monetary bail. In response, the State filed a verified petition to deny pretrial release, wherein it alleged defendant was charged with a detainable offense and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)).

¶ 5        The factual basis provided that on June 5, 2019, defendant's daughter found a video camera in the bathroom at her home when she had friends visiting who were 13 and 14 years old. Defendant requested that the children change clothes specifically in that bathroom. When defendant's daughter found the video camera, she posted a photograph of it to Snapchat, which was seen by the other children's parents. The police executed a search warrant of defendant's residence and found electronic equipment with numerous types of videos. First, the video of defendant's daughter and her friends changing clothes included a clip of defendant setting up the video camera in the bathroom. Second, there were videos defendant took of his daughter's genital area while she was bathing, sleeping, and using the bathroom. Third, defendant had videos of children under the age of 13 being digitally penetrated. Defendant told his daughter when she was interviewed by the police not to tell anyone what happened. During defendant's

interview with the police, he admitted to the recordings and stated he had no control over his "sickness," which referred to his fetish for child pornography.

¶ 6 A hearing was held on July 1, 2024. Defense counsel argued defendant was 61 years old with cardiac health issues, had been in custody for five years, had no felony background, and had no contact with the alleged victims. Defense counsel proposed that the court place defendant on house confinement, where he would no longer be living with his family, with conditions that he have only limited internet access and not interact with children. The State provided the factual basis and noted defendant made statements that he could not control his "sickness," which posed a danger to all children in the community, not just strangers on the internet. The State argued defendant should not be released on home confinement because several charges occurred in his home.

¶ 7 The court granted the State's petition, finding by clear and convincing evidence that the presumption was great that defendant committed a detainable offense and posed a real and present threat to the safety of the community. The court noted that although defendant had no prior criminal history, he still posed a danger to the community and his own daughter by his past actions and his statement that he was unable to control himself. The court also concluded there were no conditions or combination of conditions that would mitigate the real and present threat because it was easy to obtain access to the internet from a mobile device or computer, defendant demonstrated he was very competent with the use of technology, these offenses were committed in defendant's own home, and he was only caught because of his daughter.

¶ 8 On July 16, 2024, defendant filed a motion for relief, wherein he argued he was not a flight risk, he has had no contact with the alleged victims, and house arrest would mitigate any concerns of dangerousness. The court denied the motion, and defendant appeals.

3

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, defendant first contends (1) the State's petition to deny him pretrial release
was untimely, and (2) the court failed to hold a timely hearing on the petition. The State argues
defendant waived these arguments by failing to include them in his motion for relief. We agree.

¶ 11        Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) provides, as follows:

            "As a prerequisite to appeal, the party taking the appeal shall first present to the

            trial court a written motion requesting the same relief to be sought on appeal and

            the grounds for such relief. The trial court shall promptly hear and decide the

            motion for relief. Upon appeal, any issue not raised in the motion for relief, other

            than errors occurring for the first time at the hearing on the motion for relief, shall

            be deemed waived."

¶ 12        Illinois Supreme Court rules "have the force of law and are not aspirational." (Internal
quotation marks omitted.) *People v. Shunick*, 2024 IL 129244, ¶ 22. Further, when the rule is
plain and unambiguous, we may not depart from its requirements by reading into it exceptions,
limitations, or conditions not clearly expressed or add provisions not found in the rule. *Id.* Here,
our review of the record demonstrates defendant could have raised these arguments in his motion
for relief and failed to do so. Accordingly, we deem them waived.

¶ 13        Defendant attempts to overcome his waiver by arguing these claims are reviewable under
the plain error doctrine and for ineffective assistance of counsel. However, the plain error
doctrine only applies to cases involving forfeiture—not waiver. *People v. McGuire*, 2017 IL App
(4th) 150695, ¶ 29. The plain language of Rule 604(h)(2) provides that defendant's failures in
this instance amount to waiver. Although decades of case law erroneously interchange forfeiture
and waiver, our supreme court is well aware of this distinction and intentionally chose to use

                                            4

waiver instead of forfeiture in Rule 604(h). See *People v. Sophanavong*, 2020 IL 124337, ¶ 20 ("[T]his court has noted that the terms forfeiture and waiver have, at times, been used interchangeably, and often incorrectly, in criminal cases."); *People v. Marcum*, 2024 IL 128687, ¶ 34 (explaining the statute at issue provided an issue was waived if not timely raised and, accordingly, the supreme court considered waiver instead of forfeiture).

¶ 14   As waiver applies, defendant's remaining potential claim of error is for ineffective assistance of counsel. We note, while defendants are not required to file a memorandum in appeals challenging the denial of their pretrial release, when they choose to do so, they are required to provide this court with a sufficient basis to consider the argument they present on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024) ("Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities."). Here, defendant merely argues his counsel provided ineffective assistance by failing to preserve a meritorious issue for appellate review and fails to present this claim under the adopted framework provided in *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). Thus, defendant has waived this argument. See *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 31-33.

¶ 15   As a final matter, defendant also argues that the court erred in finding that he was a real and present safety threat and there were no conditions to mitigate his dangerousness. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. "Under either standard, we consider whether the court's determination is arbitrary or unreasonable." *Id.*

5

¶ 16    Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 17    Here, the evidence presented indicated that defendant used a video recording device on several different instances to capture his teenage daughter and her friends changing clothes in a bathroom and his teenage daughter's genital area while she was bathing, sleeping, and using the bathroom. The video evidence showed defendant setting up the video camera, and defendant admitted to the recordings. Defendant also had videos on an electronic device of children being digitally penetrated who were under 13 years old. Defendant claimed he had a "sickness" that he could not control. Defendant attempted to thwart the police's investigation by telling his daughter not to tell anyone what happened. These facts demonstrate defendant posed a threat to his daughter, her friends, and the community. Further, the statute provides factors the court can consider when considering the conditions of release, and the State presented evidence of such factors, including the nature and circumstances of the offense; the weight of the evidence against defendant; and the history and characteristics of defendant. See *id.* § 110-5. Defendant expressed that he had no control over himself with regard to these offenses. It was not against the manifest weight of the evidence for the court to find that any conditions would not prevent defendant from

6

continuing to be a threat. This is particularly the case where defendant's actions occurred in his own home. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 18                                    III. CONCLUSION

¶ 19          The judgment of the circuit court of Kankakee County is affirmed.

¶ 20          Affirmed.