**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250302-U

Order filed September 19, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Circuit No. 25-CF-315 |
| TROY A. SAMPLE, | ) ) ) | Honorable William S. Dickenson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Holdridge concurred in the judgment.
Justice Davenport dissented.

_____

**ORDER**

¶ 1    *Held*:  The trial court did not err by detaining defendant prior to trial because it found that no conditions would prevent him from presenting a continuing threat.

¶ 2    Defendant, Troy A. Sample, was charged with three counts of aggravated child pornography for recording his minor daughters while they were in the bathroom. The trial court granted the State's verified petition to deny pretrial release, finding that the State had offered clear and convincing evidence sufficient to support defendant's continued detention. We affirm.

## I. BACKGROUND

On April 25, 2025, defendant was charged with three counts of aggravated child pornography (Class X) (720 ILCS 5/11-20.3(a)(3) (West 2024)),[1] child pornography (Class 3) (*id.* § 11-20.1(a)(6)(vii), (c)), grooming (Class 4) (*id.* § 11-25), and unauthorized videotaping (Class 4) (*id.* § 26-4(a-5), (d)(2)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a detainable offense and he posed a real and present threat to the safety of any person, persons, or the community pursuant to section 110-6.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a) (West 2024)).

A pretrial investigation report indicated that defendant had previously received court supervision for unlawful possession of cannabis, driving on a suspended license, and leaving the scene of an accident. Defendant declined to complete an interview so a pretrial risk assessment was unable to be conducted.

On April 25, 2025, the court held a temporary detention hearing as defendant indicated that he was going to be retaining private counsel. After hearing a brief factual recitation, the court found probable cause to temporarily detain defendant until the full detention hearing was held.

The full detention hearing was held on May 5, 2025. The State provided the factual basis as follows: On April 22, 2025, officers were dispatched for a call of juveniles being recorded in a bathroom. The officers made contact with Kimberly N., who indicated that the two juvenile girls, ages 16 and 17, were defendant's daughters, and she was the mother of one girl. The girls were at defendant's house when they found a cell phone in the bathroom. The phone was positioned in

---

[1]While it appears that this statutory section contained in the charging instrument and indictment has been repealed, neither party has raised this issue either in the circuit court or on appeal. Considering the factual recitation and record before us, the accuracy of the charged statute has no bearing on our decision.

such a way that it would capture people using the bathroom and shower. The girls looked through the phone and found photographs and videos of themselves they had no knowledge of. Within the photographs were zoomed-in screenshots of their genitals. "The girls and the mother were too upset to continue to go through the phone ***," and it was turned off to preserve any evidence. Officers obtained a search warrant for the phone and found the photographs and videos showing the girls undressing, including screenshots from the videos depicting their breasts and genitals. Defendant can be seen in the videos setting the cell phone camera up in the bathroom and starting the recording.

¶ 8 The State argued that defendant was a danger to his children and traumatized them through these acts. The State further indicated that home confinement or GPS monitoring were not appropriate conditions as they would not protect the public from defendant. Defense counsel noted that defendant was a semitruck driver and could continue to work, did not commit an act of violence or use a weapon, and did not have a significant criminal history. Counsel further argued that conditions could be placed on defendant as "[t]here [are] no allegations that he's doing this to any other children." Counsel noted the children lived in Kankakee and defendant lived in Manteno with his father. The court found the State met its burden by clear and convincing evidence. In doing so, the court discussed the statutory factors it was to consider. Defendant filed a motion for relief, solely arguing that there were conditions available to mitigate the threat defendant posed. After a hearing, the court denied the motion. Defendant filed a timely notice of appeal.

¶ 9                                                    II. ANALYSIS

¶ 10 On appeal, defendant argues that the State failed to prove that he posed a real and present threat and there were no conditions available to mitigate any threat he posed. However, we note that defendant's motion for relief solely challenged the court's determination that no conditions

3

were available. Defendant did not challenge the court's finding that he posed a real and present threat. Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) provides,

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived."

As defendant could have challenged the second proposition in his motion for relief and failed to do so, he has waived that argument. See *People v. Jackson*, 2024 IL App (3d) 240479-U, ¶¶ 11-14. Therefore, we will only consider whether the court erred in finding that there were no conditions available to mitigate the threat defendant posed.

¶ 11 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5; *People v. Mikolaitis*, 2024 IL 130693, ¶¶ 20-21. Where the hearing on the State's petition to detain contains no live witness testimony our review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

4

¶ 12 We find the court did not err in detaining defendant. The State presented evidence there were no conditions available to mitigate the threat defendant posed. The statute provides factors the court can consider when considering the conditions of release, and the State presented evidence of such factors, including the nature and circumstances of the offense. See 725 ILCS 5/110-5 (West 2024). While defendant did not have a significant violent history,

> "the evidence of a defendant's charged conduct, even if it took place on a single occasion, may reflect such a departure from the basic expectations of civil society that it becomes difficult to predict the defendant's compliance with court orders— or even societal norms regarding the safety of others—if the defendant is placed on pretrial release. The presumption in favor of pretrial release *** does not obligate a trial court to release such a defendant in the hopes that his otherwise spotless record will negate the real and present threat he poses to the safety of the community as shown by the State's evidence." *People v. Romine*, 2024 IL App (4th) 240321, ¶ 20.

¶ 13 Here, defendant set up a cell phone camera in the bathroom of his home to take pornographic photographs and videos of his minor daughters. The acts defendant allegedly committed happened in his own home. There was no way to monitor defendant to determine that nothing similar happened again. Therefore, the court did not err when it found no conditions would prevent defendant from continuing to be a threat and detaining him.

¶ 14                                  III. CONCLUSION

¶ 15 For the reasons stated, the judgment of the circuit court of Kankakee County is affirmed.

¶ 16 Affirmed.

¶ 17 JUSTICE DAVENPORT, dissenting:

5

¶ 18    The majority concludes that because the alleged offense occurred in defendant's own home, "[t]here was no way to monitor defendant to determine that nothing similar happened again." In so doing, the majority commits a series of fundamental errors.

¶ 19    First, the majority substitutes a per se rule for the individualized analysis the law requires. See 725 ILCS 5/110-6.1 (West 2024) ("Decisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention."). Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2024)) directs courts to consider, among other factors, the nature and seriousness of the safety threat posed by defendant's release. *Id.* § 110-5(a). This consideration, however, must be tethered to "the specific articulable facts of the case." *Id.* By suggesting that home-based offenses are inherently unmonitorable, the majority reduces an individualized statutory inquiry into a categorical rule unsupported by statute. This is in clear violation of Article 110 and contrary to this court's role under a de novo standard of review. See *People v. Morgan*, 2025 IL 130626, ¶ 51; *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151.

¶ 20    Second, the majority misstates the applicable standard by demanding the ability to "monitor defendant to determine that nothing similar happened again." Article 110 does not require that the court devise conditions to eliminate all possibility of misconduct. Rather, it directs the court to impose conditions designed to "reasonably ensure" defendant's appearance in court and the "protection of the safety of any other person or the community." 725 ILCS 5/110-2(e), 110-5(a) (West 2024). The statute thus contemplates supervision calibrated to reasonable assurance, not absolute prevention. Indeed, every defendant on pretrial release retains some theoretical opportunity to reoffend. Article 110 requires the court to determine whether that risk

6

can be mitigated through appropriate conditions, not whether it can be eradicated altogether. See *id.* § 110-6.1(e).

¶ 21 Third, the majority relieves the State of its statutory burden. Article 110 of the Code presumes all defendants are eligible for pretrial release and places the burden of proof on the State to prove detention is necessary. *Id.* § 110-6.1(e). Specifically, the State must prove by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any persons or the community, based on the specific articulable facts of the case. *Id.* § 110-6.1(e)(3). "Clear and convincing evidence is more than a preponderance of the evidence and not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense." (Internal quotation marks omitted.) *People v. Morales*, 2024 IL App (2d) 230597, ¶ 15. The State argued in the circuit court as follows:

> "The State does not believe that home confinement or GPS are appropriate solutions for detention in this case because the defendant still has the opportunity to come into contact with unsuspecting, unknowing other individuals; that he could continue to record even if the Court tells him not to do it, the law itself tells him not to do it, and he did it anyways."

This argument lacks any basis in the specific articulable facts of the case. Beyond conjecture, the State proffered no evidence of a risk to "unsuspecting, unknowing other individuals" and no evidence tending to show that defendant ever recorded anyone besides the alleged victims in this case. The State took a narrow proffer—that defendant secretly recorded his daughters in his own bathroom—and painted defendant as a safety threat to the community at large. The gap between a proffer of intrafamilial misconduct and a generalized threat to "unsuspecting, unknowing individuals" is too wide to ignore.

7

¶ 22	The State's showing was patently deficient in other respects. The State proffered no evidence of defendant's dissemination of the recordings or screenshots to others. See, *e.g.*, *People v. Schulz*, 2024 IL App (1st) 240422, ¶ 31. It proffered no evidence tying the speculative "opportunity to come in contact" with unsuspecting victims to defendant's actual routines or social relationships. It proffered no evidence of defendant's attempts to target unsuspecting members of the public. It proffered no evidence of defendant's access to minors. It proffered no evidence of stealth cameras or calculated attempts to evade detection. See, *e.g.*, *People v. Currier*, 2024 IL App (2d) 240478-U, ¶ 30. Compounding matters still, the State's argument before the trial court mentioned only two of the six conditions defendant himself suggested. Collectively, these deficiencies demonstrate the State relied on conjecture, rather than specific articulable facts, to meet its burden of proof.

¶ 23	The specific articulable facts of this case reflect an abhorrent, but unsophisticated, crime. According to the State's proffer, defendant left his camera phone, unlocked, in his own bathroom where his daughters discovered it. On this record, the claimed risk of undetectable recidivism is overstated. This is especially true considering defendant would no longer have access to the alleged victims. The State does not dispute that while defendant lives with his father in one city, his daughters live with their mother in another city. On balance, the State fell short of proving, by clear and convincing evidence, that no condition or combination of conditions could mitigate a real and present threat to the safety of any persons or the community based on the specific articulable facts of this case.

¶ 24	Thus, because the State has failed to meet its burden of proof, I respectfully dissent. I would reverse the detention order and remand for a hearing on appropriate conditions of pretrial release.

8